UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Brent Addenbrooke & Kim Addenbrooke, Jonathan DuBose, Stephen Evans & Kathleen Evans,<br>          Plaintiffs,<br><br>v.<br><br>Ameriquest Mortgage Company,<br>          Defendant. | Case No.<br><br>Complaint<br><br>Jury Trial Demanded<br><br>December 8, 2006 |

## INTRODUCTION

1.  This is a suit brought by a number of individual consumers residing in Connecticut who entered into mortgage loans with Ameriquest Mortgage Company. The plaintiffs claim that Ameriquest violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Connecticut Truth-in-Lending Act, Conn. Gen. Stat. § 36a-676 *et seq.*, (collectively "the Acts") in each of their transactions by failing to provide them with notice of the right to rescind their mortgage in the manner required by the Acts and Regulation Z (12 C.F.R. Part 226).

2.  The plaintiffs are all consumers residing in Connecticut who refinanced their home mortgages with Ameriquest Mortgage Company.

3.  All plaintiffs are ready, willing, and able to meet their tender obligations under the Acts.

4.	All plaintiffs have sustained actual damages including, but not limited to, paying fees and finance charges on the mortgage loans specified below as a direct and proximate result of the defendants' misconduct.

5.	Ameriquest Mortgage Company is a foreign corporation with a primary place of business in Orange, California.

## JURISDICTION

6.	Jurisdiction in this court is proper pursuant to 15 U.S.C. §1640(e), 28 U.S.C. §§ 1331-32.

7.	This court has jurisdiction over the defendants because they regularly conduct business in this state.

8.	Venue in this court is proper, as the plaintiffs are all residents of Connecticut and the action concerns real property located in this state.

## FIRST COUNT
## (<u>BRENT ADDENBROOKE & KIM ADDENBROOKE v. AMERIQUEST</u>)

9. On or about May 14, 2004 Brent Addenbrooke and Kim Addenbrooke entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on their residence to secure the indebtedness.

10. Ameriquest remains the holder of this promissory note and mortgage. Neither have been transferred to a securitized trust or similar instrument.

11. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

12. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

13. In the course of this consumer credit transaction, defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

14. The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

15. The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to defendant Ameriquest Mortgage Company by certified mail dated June 21, 2006, which notice was received by that defendant.

16. More than twenty calendar days have passed since defendant received the notice of rescission.

17.     The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

18.     The defendant has failed to return to the plaintiffs any money or property given to anyone, including the defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

19.     As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), defendant is liable for:

   a. Rescission of this transaction;
   b. Termination of any security interest in plaintiffs' property created under the transaction;
   c. Return of any money or property given by the plaintiffs to anyone, including the defendant, in connection with this transaction;
   d. Statutory damages of $2,000 for defendant's failure to respond properly to plaintiffs' rescission notice;
   e. Forfeiture of loan proceeds;
   f. Actual damages in an amount to be determined at trial; and
   g. A reasonable attorneys' fee.

## SECOND COUNT
## (<u>JONATHAN DUBOSE v. AMERIQUEST</u>)

20. On or about June 5, 2004 Jonathan DuBose (mis-spelled on the loan documents as "Duboise") entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on his residence to secure the indebtedness.

21. Ameriquest remains the holder of this promissory note and mortgage. Neither have been transferred to a securitized trust or similar instrument.

22. A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

23. This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

24. In the course of this consumer credit transaction, defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify plaintiff of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

25. The plaintiff has a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

26. The plaintiff exercised his extended right to rescind the contract by sending notice (via counsel) to defendant Ameriquest Mortgage Company by certified mail dated June 8, 2006, which notice was received by that defendant.

27. More than twenty calendar days have passed since defendant received the notice of rescission.

28. The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

29. The defendant has failed to return to the Plaintiff any money or property given to anyone, including the defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

30. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), defendant is liable for:

   a. Rescission of this transaction;

   b. Termination of any security interest in plaintiff's property created under the transaction;

   c. Return of any money or property given by the plaintiff to anyone, including the defendant, in connection with this transaction;

   d. Statutory damages of $2,000 for defendant's failure to respond properly to plaintiff's rescission notice;

   e. Forfeiture of loan proceeds;

   f. Actual damages in an amount to be determined at trial; and

   g. A reasonable attorney fee.

## THIRD COUNT
## (STEPHEN EVANS & KATHLEEN EVANS v. AMERIQUEST)

31.     On or about June 23, 2004 Stephen Evans and Kathleeen Evans entered into a loan agreement with Ameriquest Mortgage Company and provided a mortgage on their residence to secure the indebtedness.

32.     Ameriquest remains the holder of this note and mortgage.

33.     A portion of the proceeds of the mortgage loan went towards the pay-off of the existing mortgage on the residence.

34.     This consumer credit transaction was subject to the right of rescission as described by C.G.S. § 36a-683, 15 U.S.C. § 1635 and Reg. Z § 226.23 (12 C.F.R. § 226.23).

35.     In the course of this consumer credit transaction, defendant violated the state and Federal Truth in Lending Acts by failing to adequately notify Plaintiffs of the right to rescind the transaction in the manner set forth by C.G.S. § 36a-683, 15 U.S.C. § 1635(a) and Reg. Z. § 226.23(b).

36.     The plaintiffs have a continuing right to rescind the transaction until the third business day after receiving notice of the right to rescind, up to three years after consummation of the transaction.

37.     The plaintiffs exercised their extended right to rescind the contract by sending notice (via counsel) to Defendant Ameriquest Mortgage Company by certified mail dated October 10, 2006 which notice was received by that defendant.

38.     Defendant has refused to rescind the mortgage by their letter dated October 12, 2006.

39. The defendant has failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

40. The defendant has failed to return to the Plaintiffs any money or property given to anyone, including the defendant, as required by C.G.S. § 36a-683, 15 U.S.C. § 1635(b) and Reg. Z. § 226.23(d)(2).

41. As a result of the aforesaid violations of the Acts and Reg. Z., pursuant to C.G.S. § 36a-683, 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), defendant is liable for:

    a. Rescission of this transaction;

    b. Termination of any security interest in plaintiffs' property created under the transaction;

    c. Return of any money or property given by the plaintiffs to anyone, including the Defendant, in connection with this transaction;

    d. Statutory damages of $2,000 for defendant's failure to respond properly to plaintiffs' rescission notice;

    e. Forfeiture of loan proceeds;

    f. Actual damages in an amount to be determined at trial; and

    g. A reasonable attorney fee.

**PRAYER FOR RELIEF**

WHEREFORE, it is respectfully prayed that this Court:

    1.    Assume jurisdiction of this case;

    2.    Declare the security interest in the proper Plaintiffs' residences are void;

    3.    Enter an order that the proper mortgage transactions are rescinded;

    4.    Order defendants to take all action necessary to terminate any security interest in the proper plaintiffs' property created under the transactions and declare all such security interests void, including but not limited to the mortgages related to the transaction;

    5.    Order the return to the proper plaintiffs of any money or property given by them to anyone, including the defendants, in connection with the transactions;

    6.    Enjoin defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the proper Plaintiffs' property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive plaintiffs of ownership of the properties;

    7.    Award the proper plaintiffs actual statutory damages for the Defendants' failure to respond properly to the plaintiffs' rescission notices of not less than $200 or more than $2,000 as provided under C.G.S. § 36a-683 and 15 U.S.C. § 1640(a);

    8.    Order that, because the defendants failed to tender in response to the proper Plaintiffs' notices of rescission, the plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amounts of the tender obligations in light of all of the Plaintiffs' claims and order the defendants to accept tender on reasonable terms and over a reasonable period of time;

    9.    Award actual damages in an amount to be established at trial;

     10.    Award the plaintiffs costs and a reasonable attorney fee as provided under C.G.S. § 36a-683 and 15 U.S.C. § 1640(a);

     11.    Award such other and further relief as the Court deems just and proper.

THE PLAINTIFFS,

By: _____
Andrew G. Pizor (ct27015)
apizor@consumerlawgroup.com
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Road, Suite 512
Rocky Hill, CT 06067
Tel. (860) 571-0408 Fax. (860) 571-7457